UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| RICHARD B. ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-689-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHARLES SAMUELS, JR., | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**       **       **       **       **

Richard B. Adams, the *pro se* Petitioner, is confined in the Federal Correctional

Institution in Manchester, Kentucky ("FCI-Manchester"). He has filed a petition for a writ

of habeas corpus pursuant to 28 U.S.C. §2241, and a motion to proceed *in forma pauperis.*

[Record No. 2] In support of the motion to proceed *in forma pauperis,* the Petitioner has

submitted a "Certificate of Inmate Account." [*Id.*] Attached to that motion is computer-

generated document entitled "Inmate Inquiry" prepared by officials at FCI-Manchester. [*Id.*]

The "Inmate Inquiry" document contains a list of the Petitioner's inmate deposits for the six-

month period preceding December 14, 2005. It reveals that during that six-month period, the

Petitioner had a total of **$947.07** deposited to his account, resulting in a monthly average

deposit amount of **$157.85**. These funds have been at his disposal, over and above having

the costs of his living essentials paid by federal taxpayers. The filing fee for a §2241 habeas

corpus petition is $5.00.

Title 28 of the United States Code, §1915(a), permits the Court to authorize the commencement of an action or appeal without prepayment of fees by a person who submits an affidavit of indigency and, if the person is a prisoner, an institutional certificate of the trust fund account over the six months preceding filing the action or appeal.  Under 28 U.S.C. §1915(e)(2), however,

> [T]he court shall dismiss the case at any time if the court determines that–
>
> (A)   *the allegation of poverty is untrue*; or
>
> (B)   the action or appeal--
>
>> (i)   is frivolous or malicious;
>> (ii)   fails to state a claim on which relief may be granted; or
>> (iii)   seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. §1915(e)(2) (Emphasis added).

Historically, while a party need not be absolutely destitute in order to proceed *in forma pauperis* in federal court, pauper status has been denied to those bringing civil actions where they have adequate money to pay the filing fee.  *See Ward v. Werner*, 61 F.R.D. 639 (M.D. Pa. 1974); *Shimabuku v. Britton*, 357 F. Supp. 825 (D. Kan. 1973), *aff'd* 503 F.2d 38 (10th Cir. 1974).  Proceeding *in forma pauperis* is a privilege, not a right.  *See Shobe v. People of the State of California*, 362 F.2d 545 (9th Cir. 1966), *cert. denied*, 385 U.S. 887 (1966).

Accordingly, the Court determines that Petitioner Adams has had sufficient resources available with which to pay the $5.00 filing fee for a habeas proceeding.  Based on the information provided, it is hereby **ORDERED** as follows:

(1)     The Petitioner's motion to proceed *in forma pauperis* [Record No. 2] is **DENIED**.

(2)      The Petitioner is granted thirty (30) days from the date of entry of the instant Order in which to submit to the Clerk of the Court the sum of $5.00 for the instant filing fee.

(3)      Upon payment of the fee or, in the alternative, the expiration of forty (40) days from the date of entry of this Order, whichever shall occur first, the Clerk of the Court is directed to notify the Pro Se Office.

(4)     The Petitioner is on notice that if he fails to pay the filing fee within thirty (30) days from the date of entry of this Order, the Court will dismiss the instant action for want of prosecution.  If the case is dismissed under these circumstances, it is not to be reinstated to the Court's active docket despite the subsequent payment of filing fees.  *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

This 20th day of January, 2006.



**Signed By:**

*Danny C. Reeves* DCR

**United States District Judge**