NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| RICHARD B. ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-689-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHARLES E. SAMUELS, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Petitioner Richard B. Adams, an individual currently incarcerated in the Federal Correctional Center in Manchester, Kentucky ("FCI- Manchester"), has filed a *pro se* petition for writ of habeas corpus [Record No. 1]. He has paid the $5.00 filing fee [Record No.4]. The matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

THE NAMED RESPONDENTS AND CLAIMS

The Petitioner has named Charles E. Samuels, the warden of FCI-Manchester, as the Respondent in this proceeding. The Petitioner has submitted a preprinted §2241 form in which he provides little information about his criminal sentence. However, he has submitted a twenty-five page memorandum in support of his claims that his sentence was rendered in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution.

ALLEGATIONS OF THE PETITION

1. Criminal Conviction

On October 23, 2003, the Petitioner pled guilty to various drug offenses in the United States District Court for the Western District of Wisconsin ("the trial court") [Trial Record No. 29].[1] The docket sheet reflects that, on November 6, 2003, the trial court imposed a 37-month sentence to be followed by a 3-year term of supervised release. [*Id*., Entry No. 32] The docket sheet also indicates that the Petitioner did not file an appeal of his criminal sentence or a motion in the trial court to vacate his sentence under 28 U.S.C. §2255. The Petitioner states that his did not file a §2255 motion because "reciprocal agreements [were] made with the government waiving rights to file for relief pursuant to §2255." [Petition Form, §13] The Petitioner did not attach a copy of his Plea Agreement for this Court's review.

---

1  The Court obtained access to the trial court docket sheet by electronic means, through the use of the "Public Access to Court Electronic Records ("PACER") System."

2. Petitioner's Legal Argument

In his §2241 petition, the Petitioner first argues that, to the extent the trial court imposed a term of supervised release, he has received two sentences and has been subjected to double jeopardy. He argues that the trial court lacked jurisdiction to impose the supervised release term, claiming that the imposition violated the separation of powers doctrine.

Next, the Petitioner asserts that his sentence was unconstitutionally enhanced in violation of the Fifth Amendment, citing *United States v. Booker* and *United States v. Fanfan*, 543 U.S.220, 125 S. Ct. 738, 749 (2005).[2] In *Booker*, the Supreme Court made its *Apprendi* holding applicable to the federal sentencing guidelines.[3] *See Booker*, 125 S. Ct. at 756-758. *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. Finally, the Petitioner further alleges that he is entitled to be paroled.

DISCUSSION

1. Requirements under §2241

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus

---

2  The Supreme Court decided *Booker* and *Fanfan* together in a consolidated opinion dated January 12, 2005.

3  In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); (per curiam).

Here, the Petitioner clearly challenges his sentence, not the manner in which it is being executed. His avenue of redress would ordinarily be under §2255. In highly exceptional circumstances, a federal prisoner may challenge his sentence before the district court in the district of his incarceration, rather than going to the trial court with a §2255 motion. This is based on certain language in the fifth paragraph of 28 U.S.C. §2255, which provides that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241. Commonly called the "savings clause" of §2255, such use of §2241 is conditioned upon the petitioner's establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71.

By its terms, §2255 permits a petitioner to bring a second or successive Section 2255 motion only if it is based upon: (1) newly-discovered evidence that casts significant doubt on petitioner's guilt of the offense, or (2) a Supreme Court decision on constitutional law made retroactive to subsequently-filed cases. The law of the Sixth Circuit, as discussed in *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), is well-established: the remedy available to a petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court either denied him relief

or because the petitioner failed to seek relief in a timely manner. *Charles*, 180 F.3d at 756-58. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*. at 758.

The second component which must be demonstrated is that the §2241 petitioner has a claim of "actual innocence," as the petitioner in *Martin* did. *Martin*, 319 F.3d at 804-05.[4] In the present case, the Court finds that the Petitioner has failed to establish either of the two prerequisites for use of §2241.

          2. Guilty Plea Did not Render §2255 Remedy "Inadequate or Ineffective"

To the extent that the Petitioner *waived* his right to file a §2255 motion when he entered into the plea agreement, he is still unable to invoke the "savings clause" provisions of §2241. In *Rivera v. Warden, FCI, Elkton*, 27 Fed. Appx. 511 (6th Cir. (Ohio) November 20, 2001) (Not selected for publication in the Federal Reporter), petitioner Rivera argued that his initial *pro se* §2255 motion was inadequate or ineffective because the sentencing court did not address the sentencing issues that he raised the motion. The Sixth Circuit rejected that argument, ruling that the district court had properly refused to review Rivera's sentencing issues because Rivera had

---

[4] In *Martin v. Perez*, the Sixth Circuit addressed a question left unanswered in *Charles*: whether the savings clause may be properly invoked by a petitioner where his remedy under Section 2255 is procedurally unavailable, and hence ineffective to raise a new claim, and where he claims "actual innocence." The answer was yes. A viable claim of "actual innocence" arises where petitioner was convicted under a criminal statute, and thereafter the Supreme Court issues a decision that more narrowly interprets the terms of that statute. In such instances, there may arise a significant risk that a petitioner was convicted of conduct that the law does not make illegal, and hence that the petitioner is "actually innocent" of the crime for which he was convicted, as that term is discussed in *Bousley v. United States*, 523 U.S. 614, 620 (1998); *see Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.")

waived his direct appeal, and had therefore also waived review of his sentence under §2255. *Id*. at 515.

The Sixth Circuit stated that Rivera's prior waiver of not only his direct appeal, but also his right to challenge his sentence under §2255, did not equate into a finding that the remedy under §2255 was "inadequate or ineffective." [*Id*.] The Court cited *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.1996), which held that "non-constitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver." The Court reaches the same conclusion regarding the instant Petitioner. *Charles v. Chandler* clearly states that §2255 is not inadequate or ineffective simply because §2255 relief has been . . . procedurally barred . . . ." Here, according to the Petitioner, the procedural barrier was the waiver provision contained in his plea agreement. As the Sixth Circuit held in *Rivera*, the fact that a petitioner has waived his right to direct appeal and his right to challenge his sentence under §2255 would not entitle that petitioner to habeas relief under §2241.

### 3. "Actual Innocence" Claim Without Merit

The Petitioner does not set forth a valid claim of "actual innocence." In *Bousley v. United States*, 523 U.S. 614, 623 (1998), the Supreme Court explained that "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. at 623. The Court continued, stating, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id*. at 623-24. Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of the underlying offense charged in the

indictment. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. 2001) (same).

Here, the Petitioner pled guilty to the various drug offenses of which he was convicted. Thus, any construed claim that the Petitioner is "actually innocent" of these offenses is without merit. *See also United States v. Burns*, 433 F.3d 442, 45-51 (5th Cir. 2005), which held that "an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise a *Booker* or *Fanfan* issue (whether or not that issue would have substantive merit), merely because the waiver was made before the Supreme Court issued its *Booker* decision. Apart from being made pre-*Booker*, Burns's waiver is clearly valid, voluntary, knowing and intelligent, and applicable to the *Fanfan* issue which constitutes his sole ground of appeal."

It appears that the Petitioner challenges only his 37-month sentence and 3-year term of supervised release. A challenge to a *sentence* carries little weight when asserting a claim of actual innocence. "The threat to judicial resources, finality, and comity posed by claims of actual innocence is thus significantly less than that posed by claims relating only to sentencing." *House v. Bell*, 386 F.3d 668, 677 (6th Cir. 2004). In *Truss v. Davis*, 115 Fed.Appx. 772 (6th Cir. (Tenn.) September 16, 2004) (Not selected for publication in the Federal Reporter), a prisoner

challenged his sentence under §2241. The Sixth Circuit analyzed the claim and stated as follows:

> Additionally, it is unclear whether and to what extent someone like Truss can show actual innocence in relation to his claims that challenge the imposition of his sentence. The Eleventh Circuit stated in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir.1999), that:
>
>> "The Seventh Circuit in *Davenport* [5] suggested in dicta that the savings clause might apply to some claims involving a 'fundamental defect' in sentencing where the petitioner had not had an opportunity to obtain judicial correction of that defect earlier. See 147 F.3d at 611. We need not decide whether the savings clause extends to sentencing claims in those circumstances, or what a "fundamental defect" in a sentence might be. *It is enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent*."

*Truss v. Davis*, 115 Fed.Appx. at 774. (Emphasis Added.)

In challenging his sentence, Adams cites to no retroactively applicable Supreme Court decision which overturns circuit precedent. Although the Petitioner cites *Booker*, the Sixth Circuit has now held sentencing implications of *Booker* do not apply retroactively to cases on collateral review. *See Humphress v. United States,* 398 F.3d 855 (6th Cir. 2005).[6] As this Court is bound by – and in full agreement with – the *Humphress* decision, *Blakely* and its progeny

---

[5] *See In re Davenport*, 147 F.3d 605, 609-611 (7th Cir.1998).

[6] *See also United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005) (Supreme Court's *Booker* decision established a new rule of criminal procedure and thus did not apply retroactively to cases already final on direct review, namely, those cases in which a decision had been rendered on direct appeal and the 90-day period for seeking a writ of certiorari had expired, at the time *Booker* was rendered); *Swain v. United States*, 2005 WL 3065969, *5 (6th Cir.(Mich.) November 15, 2005) (Not selected for publication in the Federal Reporter) ("Yet neither *Blakely* nor its federal counterpart, *United States v. Booker*, 543 U.S. 220. . . (2005), may be invoked on collateral review.")

cannot be applied retroactively on collateral review and provide the Petitioner with grounds for relief from his conviction and sentence.

### 4. Parole Demand is Premature

The Petitioner argues that he is entitled to be paroled. His claim is deficient for several reasons. First, the Petitioner complains that the Bureau of Prisons ("BOP") has failed to "reimplement parole when legal authority instructs it to do so." [Petition Form, §10 (d)] That statement is incorrect. On September 29, 2005, the United States Congress extended the life of the United States Parole Commission ("USPC") for another three years. *See* U.S. Parole Commission Extension and Sentencing Commission Authority Act of 2005, P. L. 109-76, Sec. 2. Therefore, to the extent that the Commission has an affirmative obligation to set parole dates under Section 235(b)(3) of the Sentencing Reform Act, it has until October 31, 2008, in which to do so.

Second, the Petitioner may only assert a claim concerning an adverse parole determination after he has pursued the available administrative procedures for review of that decision. *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir.2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam). The administrative remedy available to a parolee or prisoner who wants to appeal a decision regarding his parole is contained in 28 C.F. R. §2.26 (2006).[7] The Petitioner does not indicate that he followed these procedures.

---

7   An appeal must be filed within thirty (30) days of the date of entry of such decision that is the subject of the appeal. *Id*.

Specifically, §2.26 provides that "[a] prisoner or parolee may submit to the National Appeals Board a written appeal of any decision to grant . . ., rescind, deny or revoke parole . . . ." *See also Edwards v. Parker*, 52 F.3d 325, 1995 WL 222184, 2 (6th Cir.(Ky.) April 13, 1995) (concluding that the petitioner failed to exhaust his available administrative remedies before filing a §2241 suit); *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir.1991); *Collins v. United States Parole Commission*, 67 F.3d 299, 1995 WL 592034 (6th Cir (Tenn.) October 5. 1995); *Stanko v. Story*, 928 F.2d 1133, 1991 WL 42251, **2 (6th Cir. (Ky.) March 28, 1991) ("Stanko must appeal the formal decision denying his parole to the National Appeals Board before he can obtain habeas relief in federal court. *See* 18 U.S.C. §4215.")

Third, the Petitioner is advised that there is no "constitutional or inherent right" to parole. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100 (1979); *Broadwater v. Sanders*, 59 Fed.Appx. 112 (6th Cir. (Ky.) February 20, 2003) (Not selected for publication in the Federal Reporter).

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that the §2241 petition for habeas corpus [Record No. 1] is **DENIED**, and the Petitioner's claims under §2241 are **DISMISSED**, with prejudice, from the docket of the Court. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent on that issue. The Petitioner's claims relating to the award of parole are **DISMISSED**, without prejudice.

This 13th day of March, 2006.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**